IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. 44,942-02






EX PARTE JOSE RODOLFO JIMINEZ, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS 


FROM CAUSE NO. A03-389-1

IN THE 216TH DISTRICT COURT OF KERR COUNTY



 

 Per curiam.


 O R D E R



 This is an application for a writ of habeas corpus which was transmitted to this Court 
pursuant to the provisions of Tex. Code Crim. Proc. art. 11.07. Applicant was convicted
of the offense of possession of a controlled substance, and punishment was assessed at
sixteen years' confinement. Applicant's conviction was affirmed on appeal. Jiminez v. State, 
No. 04-04-00614-CR (Tex. App. --San Antonio, delivered April 6, 2005, no pet.). 

 Applicant contends that he received ineffective assistance of counsel and was denied
his right to file a petition for discretionary review. Specifically, Applicant contends counsel
was ineffective for failing to file supporting affidavits with the motion for new trial. Further,
Applicant asserts that counsel did not inform him in a timely manner that his conviction was
affirmed, thus denying him the opportunity to file a petition for discretionary review.

 The trial court has not entered findings of fact or conclusions of law. We believe that
Applicant has alleged facts that, if true, might entitle him to relief. Therefore, it is this
Court's opinion that additional facts need to be developed and because this Court does not
hear evidence, the trial court is the appropriate forum. The trial court shall resolve those
issues as set out in Tex. Code Crim. Proc. art. 11.07, § 3 (d), in that it shall order an
affidavit from counsel, Harold J. Danford, or it may order a hearing. In the appropriate case
the trial court may also rely on its personal recollection. 

 If the trial court elects to hold a hearing, the court shall first decide whether Applicant
is indigent. If the trial court finds that Applicant is indigent and Applicant desires to be
represented by counsel, the trial court will then, pursuant to the provisions of Tex. Code
Crim. Proc. art. 26.04, appoint an attorney to represent him at the hearing. 

 Following receipt of additional information, the trial court shall make findings of fact
as to whether Applicant received ineffective assistance of counsel and whether Applicant
was denied his right to file a petition for discretionary review. The trial court shall also make
any further findings of fact and conclusions of law it deems relevant and appropriate to the
disposition of the application for writ of habeas corpus.

 Because this Court does not hear evidence, Ex Parte Rodriquez, 334 S.W.2d 294 (Tex.
Crim. App. 1960), this application for a post-conviction writ of habeas corpus will be held
in abeyance pending the trial court's compliance with this order. Resolution of the issues
shall be accomplished by the trial court within 90 days of the date of this order. (1) A
supplemental transcript containing all affidavits or the transcription of the court reporter's
notes from any hearing, along with the trial court's supplemental findings of fact and
conclusions of law, shall be returned to this Court within 120 days of the date of this order. (2)

 IT IS SO ORDERED THIS THE 14th DAY OF JUNE, 2006.





EN BANC

DO NOT PUBLISH 

 
1. In the event any continuances are granted, copies of the order granting the continuance
shall be provided to this Court.
2. Any extensions of this time period shall be obtained from this Court.